Dear Dr. Wascom:
In your letter of August 22, 2005, you requested an opinion of the Attorney General's Office concerning the conflict between House Bill 72 of the 2005 legislative session and the Public Records Act. Specifically you asked whether the record of disciplinary proceedings of the final adjudications of first-time advertising offenders may be expunged according to HB 72, hereinafter, Act 189, in light of the pre-existing provisions of the Public Records Act (LA-R.S. 44:1, 44:4, 44:36).
The records of disciplinary proceedings are the result of the performance of a duty of a public entity, the Louisiana State Board of Dentistry (LSBD). Consequently, according to the definition provided in R.S. 44:1(A)(2)(a), the records of these proceedings are public record, unless exempted by the Public Records Act (PRA) or otherwise specifically exempted by law.
There is an inherently strong public policy to interpret the PRA liberally because its purpose is to extend, rather than restrict access to public records. Trahan v. Larivee,365 So.2d 294, 298 (La.App. 3d Cir. 1978). Accordingly, to uphold this public policy, it is implicit that any derogation from the PRA that is not excepted in the act itself, must be specifically excepted by another statute.
Although 44:4(11) may provide a specific exception by exempting records relating to reports concerning the fitness of any person to receive or continue to hold a license to practice as a dentist, the scope of the exception does not extend to this issue. This is because the scope of the exception does not apply *Page 2 
to ". . . any final determination made by the board, and any legal grounds upon which such action is based . . ." The records of these final determinations are to be made public record. Specifically, the records of disciplinary proceedings fall within the scope of this provision because it is a final determination, thereby making it non-exempt from the PRA, under this section.
Furthermore, the legislature has delineated exclusive exceptions to the Public Records Act in 44:4.1 by stating in pertinent part: ". . . . Any exception, exemption, and limitation to the laws pertaining to public records not provided for in this Chapter or in the Constitution of Louisiana shall have no effect." This section specifically addresses records, similar to the aforementioned provision concerning fitness reports, which are not required to be made available to the public.
It is the opinion of this office that these sections of the PRA are not applicable in this case because Act 189 does not attempt to prohibit public access to records of disciplinary proceedings, but rather seeks to provide a rule for the disposal of records that already exist as public record, after a certain period of time. Therefore, Act 189 does not make an exception to the PRA, but rather provides for disposing of the records of disciplinary proceedings of a first-time advertising offender that have previously been available to the public after a period of three years.
LA-RS 44:36 states in pertinent part that:
 All persons and public bodies having custody or control of any public record, other than conveyance, probate, mortgage, or other permanent records required by existing law to be kept for all time, shall exercise diligence and care in preserving the public record for the period or periods of time specified for such public records in formal records retention schedules developed and approved by the state archivist and director of the division of archives, records management, and history of the Department of State. However, in all instances in which a formal retention schedule has not been executed, such public records shall be preserved and maintained for a period of at least three years from the date on which the public record was made.
Implicitly, the above provision provides that in the absence of an agreement otherwise and unless the record is required by existing law to be kept permanently, after a period of three years, expungement is allowed. Act 189 falls within the scope of this provision of the PRA because it calls for expungement of *Page 3 
records after a period of three years, provided two other requirements are also met. Therefore, Act 189 is viable in light of the PRA.
We hope that this opinion has adequately addressed your question. If you need any further information, please do not hesitate to contact this office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: ___________________
 CHARLES H. BRAUD, JR.
 Assistant Attorney General